IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SABRINA DENISE GIBBS, | ) | CIVIL ACTION 4:11-cv-00756-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. Upon consent of the parties, this case was referred to the undersigned for the conduct of all further proceedings and the entry of judgment.

**I. PROCEDURAL HISTORY**

Sabrina Denise Gibbs ("Plaintiff" or "Claimant") filed an application for DIB and SSI on May 9, 2006, alleging inability to work since June 15, 2000. Her applications were denied at all administrative levels, and upon reconsideration. Plaintiff filed a request for a hearing. A hearing was held on September 12, 2008, before an Administrative Law Judge ("ALJ") at which the Plaintiff

appeared and testified along with a vocational expert (VE). The ALJ issued an unfavorable decision on February 2, 2009. (Tr.13-22). [1] The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision. Plaintiff sought judicial review in this court by the filing of a complaint on March 29, 2011.

## II. FACTUAL BACKGROUND

The Plaintiff was born on September 28, 1968, and was 31 years old at the time of the alleged onset date. She has at least a high school education and past work as a housekeeper.

## III. DISABILITY BACKGROUND

The Plaintiff's arguments consist of the following, quoted verbatim:

(1) The ALJ failed to consider the combined impact of Ms. Gibbs' multiple impairments; and

(2) The ALJ performed a flawed credibility analysis.

(Plaintiff's brief).

In the decision of February 2, 2009, the ALJ found the following:

1. The claimant met the insured status requirements of the Social Security Act through June 30, 2005.

2. The claimant has not engaged in substantial activity since June 15, 2005, the amended alleged onset date (20 CFR 404.1571 *et. seq.* and 416.971 *et. seq.*).

3. The claimant has the following severe impairments: sarcoidosis, obesity and depression (20 CFR §§ 404.1521 *et seq.* and 416.921 *et seq.*).

---

[1] In the hearing decision, the ALJ noted that Plaintiff amended her alleged onset date to June 15, 2005, *via* her attorney at the hearing.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967 (b) except no climbing or crawling; occasional crouching and stooping; no concentrated exposure to lung irritants; occasional fingering and handling; and no fine visual acuity in a low stress (Defined as requiring occasional decision-making and changes in work setting) setting.

6. The claimant is capable of performing past relevant work as a housekeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 28, 1968 and was 31 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416. 968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 15-22).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found disabled or not disabled at a step, further inquiry is unnecessary. If it can not be determined if an individual is disabled or not disabled at a step, further inquiry is necessary by advancing to the next step in the sequential evaluation. 20 C.F.R. § 404.1520(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). She must make a prima facie showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff

can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191.

## IV. ARGUMENTS AND ANALYSIS

**Combination of impairments**

Plaintiff argues that the ALJ failed to "make particularized findings as to the combined effect of her many impairments", (Plaintiff's brief, p. 7), and did not separately consider, at the listing stage, the combined impact of her multiple impairments. She argues, that like in Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), the ALJ discussed each impairment separately but not in combination. Plaintiff asserts that the "ALJ failed to perform the proper analysis at this stage of the sequential evaluation, and thus, it is impossible to argue that the rest of the decision rests on substantial evidence." Id. at 8.

Defendant responds that the ALJ reasonably considered the cumulative effects of Plaintiff's impairments. Defendant asserts that the ALJ indicated, repeatedly, that his decision was based on consideration of the entire record and went on to assess a detailed residual functional capacity unlike the ALJ in Walker. Further, Defendant argues, unlike the ALJ in Walker, the ALJ in this case presented his detailed RFC to a VE and his analysis after step three is more detailed than the Walker decision.

The court must address whether the ALJ has analyzed all of the relevant evidence and sufficiently explained his or her rationale. Durham v. Apfel, 225 F.3d 653 (Table), 2000 WL 1033060, at *3 (4th Cir. July 27, 2000) (*citing* Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir.1998)). The Fourth Circuit has stated that "[j]udicial review of an administrative decision is

impossible without an adequate explanation of that decision by the administrator." Wyatt v. Bowen, 887 F.2d 1082 (Table), 1989 WL 117940, at *4 (4th Cir.1989) (*quoting* DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir.1983)).

As set out above, the ALJ found in his decision that Plaintiff had the severe impairments of sarcoidosis, obesity and depression, but that she did not have an impairment or a combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart. P, Regulation No. 4. (Tr. 22-23).

The role of the federal judiciary in reviewing decisions made under the Social Security Act is limited. See 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence, Blalock, 483 F.2d at 775, and complies with controlling law, Myers v. Califano, infra. When a claimant has multiple impairments, the statutory and regulatory provisions require consideration of the combined effects of impairments regardless of whether any single impairment, if considered alone, would be sufficiently severe. 42 USC §423(d)(2)B); 20 CFR §404.1523; Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)(must "consider combined effect of impairments and not fragmentize them"); Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989). Furthermore, the ALJ "must adequately explain his or her evaluation of the combined effects of the impairments. Id. See Cook v. Heckler, 783 F.2d 1168, 1174 (4th Cir. 1986). The explanation must be adequate to show that the ALJ "considered the combined effect of the impairments so as to allow proper judicial review." Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir. 1985); see also Green v. Chater, 64 F.3d 657, 1995 WL 478032, *3 (4th Cir. 1995)(unpublished). Whether or not the ALJ considers the impairments in combination is a question of application of correct law. Deference is given to factual findings supported by substantial evidence. However, factual findings reached by

means of improper standards or misapplication of the law are not due this deference. Coffman v. Bowan, 829 F.2d 514, 517 (4th Cir. 1987).

In this case, the ALJ found at step three of the sequential evaluation that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526)." (Tr. 17). The ALJ discussed each of Plaintiff's impairments and performed a detailed RFC analysis that demonstrates the ALJ considered Plaintiff's impairments in combination. The ALJ's decision accounted for Plaintiff's combination of impairments in determining that Plaintiff had the RFC to perform light work except no climbing or crawling; occasional crouching and stooping; no concentrated exposure to lung irritants; occasional fingering and handling; and no fine visual acuity in a low stress setting. (Tr. 17).

While a more exact, explicit discussion is preferable, there is no indication in the record that, assuming technical error for the sake of discussion, any error was other than harmless. See e.g. Thornsberry v. Astrue, No. 08-475, 2010 WL 146483, *5 (D.S.C. Jan. 12, 2010); Brown v. Astrue, No. 10-1584, 2012 WL 3716792, *6 (D.S.C. Aug. 28, 2012); Cf. McCartney v. Apfel, 28 Fed. Appx 277, 2002 WL 191573, *3 (4th Cir. 2002) (unpublished) (ALJ's analysis of medical records at step three rather than at step four was not error because the ALJ "need only review medical evidence once in his decision."). Plaintiff's challenge to the ALJ's decision on this issue is limited to the form of the discussion without any showing or argument challenging with any particularity the underlying substance of the error, if any. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994).

As set forth above, it is Plaintiff's burden to establish disability. This court's review is limited to determine whether the ALJ's decision includes proper legal conclusions and is supported

by substantial evidence. Though a more thorough particular analysis may be necessary in some cases, the ALJ's explanation and evaluation are sufficient for the court to determine there is substantial evidence to support the ALJ's decision in this case.

**<u>Credibility</u>**

Plaintiff contends that the ALJ erred in his credibility assessment. Specifically, Plaintiff argues that the "ALJ's entire credibility analysis draws from evidence after Ms. Gibbs' date last insured, which is June 30, 2005." Plaintiff argues that the ALJ "notes a chest x-ray dated January 8, 2008; notations that Ms. Gibbs was 'not in any apparent distress' from September 2005 to May 2006; and a report that she was not in pain in August 2006. He penalizes Ms. Gibbs' credibility for a gap in treatment from 'late 2006 until January 2008." The Plaintiff asserts '[w]hile the evidence after the date last insured may certainly be relevant to the ALJ's determination, here, the ALJ relies exclusively on such evidence and does not balance it with any consideration of records prior to the date last insured." (Plaintiff's brief, p. 8).

Defendant argues the ALJ reasonably evaluated the credibility of Plaintiff's subjective complaints setting forth in his decision the proper standard for evaluating the credibility. Defendant argues that while the Plaintiff takes issue with the ALJ citing to evidence after her date last insured for his credibility determination, Plaintiff filed applications for both DIB and SSI, and the ALJ considers "all of the available evidence." (Defendant's brief, p. 13).

Under <u>Craig v. Chater</u>, 76 F.3d 585, 591-96 (4th Cir. 1996), subjective complaints are evaluated in two steps. First, there must be documentation by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective

complaints of the severity and persistence alleged. Not until such underlying impairment is deemed established does the factfinder proceed to the second step: consideration of the entire record, including objective and subjective evidence, to assess the credibility of the severity of the subjective complaints. See also 20 C.F.R. § 404.1529(b); Social Security Ruling (SSR) 96-7p, 61 Fed. Reg. 34483-01, 34484-85.

The ALJ may choose to reject a claimant's testimony regarding his pain or physical condition, but he must explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence. Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989) (quoting Smith v. Schweiker, 719 F.2d 723, 725 n. 2 (4th Cir. 1984)). "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 61 Fed. Reg. at 34486.

The ALJ found at Craig's step one that Plaintiff had impairments capable of producing the symptoms that she alleged and, accordingly, proceeded to step two. (Tr. 18). However, a claimant's allegations about her pain "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers[.]" Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996).[2] The ALJ considered and discussed the medical

---

[2] Additionally, "[t]he only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life." Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994); see also Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005) ("'Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility.'" (citation omitted); See Johnson, 434 F.3d at 658 (noting that claimant's routine activities, including reading, cooking, exercising, attending church, cleaning house, washing

evidence of record and Plaintiff's testimony in detail. (Tr. 15, 17-20). Regarding the Plaintiff's credibility, the ALJ concluded that Plaintiff's subjective testimony as to the extent of her pain and limitations was not credible to the extent it was not consistent with the RFC he found. The ALJ discussed the fact that the record does not contain any information from any treating/examining source as to Plaintiff's RFC but that he was allowing her the benefit of the doubt with respect to her depression by finding it a severe impairment and limiting her to unskilled work in a low stress environment. The ALJ stated that "[s]uch consideration is ample noting that the evidence of record does not reveal any treatment for the condition beyond October 2003. Moreover, as previously explained, the claimant was consistently described as alert and oriented throughout the medical record without evidence of psychiatric disturbance. Moreover, as previously detailed earlier (under finding 4), the claimant's depression has resulted in only mild to moderate limitations with respect to activities of daily living and social functioning and only moderate restriction with respect to concentration, persistence or pace." (Tr. 19). He further allowed claimant the benefit of the doubt as to her complaints of blurred vision by restricting her from work requiring fine visual acuity and considered her condition of obesity in detail. (Tr. 20).

The ALJ also provided for compensation of her sarcodosis by limiting her to light work (to include sedentary) with restriction from concentrated exposure to lung irritants noting that:

> Such compensation is sufficient noting that she was without active sarcoid disease when examined on March 11, 2006. . .was without wheezing, rales, or rhonchi with lungs clear to auscultation upon examination in May 2006. Also a June 2006 chest x-ray revealed no evidence of acute cardiopulmonary disease and that her sarcoidosis was noted to be stable upon examination in January 2008 with [c]hest x-ray revealed no evidence of acute or chronic cardiopulmonary disease.

---

dishes, doing laundry, and visiting, were inconsistent with her complaints).

(Tr. 19).

The ALJ concluded that even though Plaintiff had the medically determinable impairments that could reasonably be expected to cause the alleged symptoms, he found Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the residual functional capacity assessment determined by the ALJ. While the ALJ considered evidence after the last date insured, it is clear that he considered and discussed the evidence prior to the last date insured as well. Based on the evidence before the ALJ, the court concludes that the ALJ conducted the proper credibility analysis and cited substantial evidence to support his finding that Plaintiff's subjective complaints were not entirely credible.[3]

## V. CONCLUSION

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. Richardson, 402 U.S. at 390. Even where the Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. Blalock, 483 F.2d at 775. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion.

---

[3] The court remains mindful that its review is focused on whether the ALJ's opinion is supported by substantial evidence and that its role is not to "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

Shively v. Heckler, 739 F.2d at 989. As previously discussed, despite the Plaintiff's claims, she has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, this Court concludes that the ALJ's findings are supported by substantial evidence. Therefore, it is ORDERED that the Commissioner's decision be AFFIRMED.

    AND IT IS SO ORDERED.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

September 26, 2012
Florence, South Carolina